# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:06-CR-92 |
| | ) | (Phillips) |
| JAMES MICHAEL WEST, JOANNE BAKER WEST, | ) | |
| RONALD SCOTT WEST, BERNADETTE TRENT | ) | |
| WEST AND PRESERVATION PUBLIC, LLC | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on SunTrust Bank's and Cardinal Enterprises' motions to alter and amend, or to set aside the final order of forfeiture entered in this case. SunTrust and Cardinal each hold mortgages to various real properties which are subject to forfeiture in this criminal action. The petitioners acquired their interest in the subject properties pursuant to deeds of trust executed in 2003. As grounds for their motions, SunTrust and Cardinal assert that the final order of forfeiture was entered in violation of their statutory rights under 21 U.S.C. § 853, and if the order is not altered, amended or set aside, their rights afforded under Tennessee law will be irreparably injured with no adequate remedy at law.

The superseding indictment charged that beginning on or about 1995 and continuing until July 16, 2006, the defendants conspired to distribute marijuana and conspired to commit money laundering offenses. The subject properties were named in

the forfeiture allegations as to each count. The defendants pled guilty and agreed to forfeit their interest in the subject properties as being the proceeds of the drug distribution conspiracy and as property involved in the money laundering conspiracy. On September 11, 2006, the court entered agreed preliminary orders of forfeiture as to defendants Ronald Scott West, Bernadette Trent West and Preservation Public, LLC. Pursuant to the provisions of the preliminary orders of forfeiture and the provisions of 21 U.S.C. § 853, SunTrust Bank and David Wilson Long, Substitute Trustee timely filed a petition to adjudicate validity of petitioners' interest in certain property. Cardinal also timely filed a petition and notice of third party secured claim. SunTrust and Cardinal aver that without their concurrence, a final order of forfeiture was entered on December 21, 2006 forfeiting their interest in the property in violation of their statutory and Due Process rights. Therefore, they move that the final order of forfeiture should be amended, altered or set aside.

Petitioners argue that under Tennessee law, a deed of trust is a conveyance of the legal title of real property to a trustee to secure an obligation owed to the beneficiary. Thus, petitioners aver, by the provisions of the final order of forfeiture, this legal interest in the property was forfeited, ignoring their claims that they were entitled to the protections against forfeiture contained in 21 U.S.C. § 853(n)(6)(A). The forfeiture of their legal interest in the property amounts to a taking of their property without due process of law. Petitioners assert that under § 853 the United States has no statutory authority to cause a forfeiture of their interest in the property. While the United States can obtain a forfeiture of whatever

interest the criminal defendants may have in the property, it cannot deprive third parties of their interests in property except in certain circumstances. Specifically, petitioners assert they have been deprived of their contractual rights to exercise the power of sale contained in their Deeds of Trust. Alternatively, petitioners assert the amounts contained in the final order of forfeiture do not adequately compensate them for the amounts they are entitled to under their Promissory Notes.

The United States opposes the motions of SunTrust and Cardinal to set aside the final order of forfeiture so that petitioners may declare defaults and conduct state law foreclosure sales of the forfeited property, because such actions against the United States' interest, conducted outside the federal statutory scheme, are barred by 21 U.S.C. § 853(k) and would defeat the purpose of the forfeiture proceeding in this case. The United States has recognized Suntrust and Cardinal as bona fide purchases for value without notice under § 853(n)(6)(B), and asserts that these interests have been, and will be, protected by the final order of forfeiture entered in this case. However, the United States argues this protection is to be afforded through the applicable federal forfeiture law and procedure, and not through state foreclosure procedure. The United States avers that the state law procedural remedy of a private foreclosure sale is barred by § 853, which provides the petition procedure under § 853(n) as the exclusive vehicle for third parties to assert their claims and bars them from commencing any other action at law or equity against the United States and its interests in the forfeited property. Therefore, to protect the United States' interest in the forfeited equity remaining in the subject real properties, which vested, the

United States argues, before the mortgagees' interest, upon the commission of the criminal acts giving rise to the forfeiture, the court should deny the petitioners' motions attacking the final order of forfeiture so that the process of liquidating the property and paying the proper amounts to all third party claimants can go forward without further delay.

It appears to the court that the petitioners are seeking to impose state law procedures, instead of controlling federal law and procedures, upon the disposal of the forfeited real property. In effect, the petitioners seek the state law procedural mechanism of a foreclosure, instead of a court ordered sale pursuant to federal forfeiture law. However, the applicable forfeiture statutes and federal case law prohibit the very relief petitions seek to have this court award them – the ability to declare a default and commence a foreclosure sale.

Under the Supremacy Clause of the Constitution state legislation must yield to the interests of the United States when the legislation as applied interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs. *See Yunis v. United States,* 118 F.Supp.2d 1024, 1032 (C.D.Cal. July 24, 2000). Permitting a private entity to sell property owned by the United States hinders the government's purpose in owning the property in the first place. Congress has the power to determine the conditions upon which property of the United States is sold or otherwise disposed. *Butte City Water Co., v. Baker,* 196 U.S. 119, 126 (1905). An individual or entity may not dispose of federally owned property unless Congress has conferred, expressly or implicitly, such power. *Id.; see also Royal Indemnity Co. v. United States,* 313 U.S. 289

(1941). The statutory scheme is clear, only the United States may sell property acquired pursuant to 21 U.S.C. § 853.

Under the relation-back doctrine, the interest of the United States vests upon the commission of the criminal acts giving rise to forfeiture. 21 U.S.C. § 853(e). The United States' interest in the defendants' drug proceeds thus arose immediately upon receipt of these proceeds by the defendants, and arose as to the subject real properties immediately upon acquisition of the property by defendants with drug proceeds, and as part of a money laundering conspiracy. 21 U.S.C. § 853(c); *United States v. O'Dell,* 247 F.3d 655, 685 (6th cir. 2001).

The Ninth Circuit Court of Appeals recently addressed this issue in *United States v. MacInnes,* and held that:

> The § 853 prohibition on alternative litigation extends beyond the United States' recognition that a valid property interest exists. First, subjection (g) provides a district court with broad powers "following entry of an order declaring the property forfeited . . . to protect the interests of the United States in the property ordered forfeited. . . ." Second, subsection (h) directs the Attorney General to dispose of the property, "making due provision for the rights of any innocent persons." Third, subsection (k) prohibits a party from "commenc[ing] an action . . . subsequent to the filing of an indictment or information." Reading subsection (k) in context with the other subsections convinces us that the pendency of the District Court's exclusive jurisdiction over the subject properties continues at least until the property is sold or otherwise disposed of.
>
> In addition, in keeping with subsection (o)'s directive to construe § 853 "literally . . . to effectuate its remedial purposes," the validity of the innocent person's interest in the

> property is more than mere recognition of a right in the property. Rather, it is the entire bundle of rights that the party holds. Even while the Amended Order recognized that a right was valid, the extent of its validity can only be litigated in front of the District Court pursuant to § 853(n). Therefore, the only right a party with an interest in the property prior to forfeiture retains subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture, is the right to petition the district court pursuant to subsection (n).

*Id.*, 2007 WL 295451 *3 (9th Cir. Jan. 26, 2007). This court adopts the reasoning of the Ninth Circuit in *MacInnes*, and finds that the only rights petitioners retain subsequent to the filing of the indictment in this case is the right to petition this court pursuant to § 853(n).

Petitioners argue that the right to foreclosure was not terminated by the criminal proceeding, but that the United States stepped into the place of the previous owners, the defendants. As the new owner, petitioners argue, the United States was required to make payments on the loans secured by the deeds of trust. When it stopped payments in December 2006, petitioners were entitled to exercise their state law rights under the deeds of trust and sell the properties pursuant to state law foreclosure.

The exercise of petitioner's state law right to foreclose violates § 853(k). While in many ways, the United States steps into the shoes of the previous owners when it takes title to real property by forfeiture under § 853, it does not do so entirely. "Rather, § 853(k) extinguishes the right of lien holders and other interested parties to enforce their rights against the United States through separate civil litigation. In its place it establishes an alternative remedy, § 853(n), the administrative remedies in 28 C.F.R. § 9.1 *et seq.,* and

the benefit of having that most desirable of creditors, the federal government of the United States." *MacInnes,* 2007 WL 295451 * 4 (9th Cir. Jan. 26, 2007).

In the final order of forfeiture, the United States fully recognized and agreed to satisfy the substantive property interests asserted by SunTrust and Cardinal. In addition, at the insistence of the United States, the defendants entered into an agreement whereby certain funds were placed in the custody of attorney David Eldridge, for purposes of debt service on the subject property. As a result, in 2006, SunTrust received its monthly mortgage payment for July, August, September, October, November and December, the month in which the final order of forfeiture was entered by the court.

Moreover, the final order of forfeiture recognized the petition of Suntrust and awarded it the following amounts to be paid from the proceeds of the United States' sale of the subject properties:

| | | |
|---|---|---:|
| a. | Principal as of 11/30/06 | $1,202,039.70 |
| b. | Accrued Interest | 5,531.35 |
| c. | Further interest accruing per diem | 205.52 |
| d. | Prepayment Penalty | 11,907.36 |
| e. | Attorney's fees and expenses | 5,590.85 |

Likewise, the final order of forfeiture recognized the petition of Cardinal as to both the West property and the Preservation Property and awarded it the following amounts to be paid from the proceeds of the United States' sale of the subject properties[1]:

    a.    Principal Unpaid Balance as of 11/20/06   $105,230.42

    b.    Further interest accruing per diem            22.86

    c.    Attorney's fees                               6,368.20

The United States has recognized every category of cost and expense sought by SunTrust and Cardinal in their petitions, with the exception of additional attorney's fees. In fact, at the hearing held on the petitioner's motions, the Assistant United States Attorney guaranteed payment to petitioners of all amounts due and owing under their promissory notes and deeds of trust. Since all amounts, with the exception of additional attorneys fees, sought by petitioners were encompassed in the final order of forfeiture and defendants are assured of payment, there was no violation of their Due Process rights.

Petitioners argue that their substantive interests as bona fide mortgagees in the subject property are exempt from forfeiture. However, protection of the petitioner's interest does not require, and indeed is prohibited by federal law and the Supremacy Clause of the Constitution from requiring that state foreclosure procedures be imposed in

---

[1] Regarding Cardinal's motion, the final order of forfeiture, while recognizing its interest in the West property and the Preservation property, and recognizing the amounts it claims in satisfaction of these interests, directs that these amounts be paid from the sale of the lease on the Preservation property, but does not state that Cardinal's interest should be paid out of the sale of the West property. The United States agrees that this was a drafting error, and has no objection to an amendment to the final order of forfeiture directing that the amount due Cardinal be paid from the sale of the lease on the Preservation property and the West property.

lieu of disposal of the property pursuant to federal law. Under the controlling federal law and procedures, their interests will be satisfied from the sale of the forfeited property pursuant to the final order of forfeiture. It appears to the court that the only disagreement the petitioners have is with the amount of additional attorney fees, if any, to be paid them upon sale of the property. The government produced a letter sent via facsimile to the petitioners asking for a payoff amount good through April 30, 2007. If the parties are unable to work out an amount of attorney fees satisfactory to both parties, petitioners may move the court to set a reasonable attorney's fee for petitioners.

## Conclusion

For the reasons set forth above, the motions of SunTrust Bank and Cardinal Enterprises to alter and amend or to set aside the final order of forfeiture entered in this case [Docs. 150, 157] are **DENIED**.

**ENTER:**

        s/ Thomas W. Phillips
United States District Judge