IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:06-CR-92 |
| | ) | (Phillips / Guyton) |
| V. | ) | |
| | ) | |
| JAMES MICHAEL WEST, | ) | |
| JOANNE BAKER WEST, | ) | |
| RONALD SCOTT WEST, | ) | |
| BERNADETTE TRENT WEST, | ) | |
| PHILLIP A. APODACA, | ) | |
| MARK ANTHONY CORT, | ) | |
| PRESERVATION PUBLIC, LLC, and | ) | |
| SPIRAL-WEB, INC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pre-trial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On July 17, 2006, this cause came before the Court for the arraignment and initial appearance of two defendants. On that date, counsel for Ronald Scott West stated an intention to move the Court to declare the case unusual and complex for purposes of the Speedy Trial Act; the government did not oppose the request and provided an additional description of the quantity of discovery in support of such a finding. The Court found that such a motion would be well-taken under the facts and circumstances represented by the parties. On July 24, 2006, counsel filed a Motion for Designation as Complex Case [Doc. 38]. On July 26, 2006, United States filed a Response [Doc. 42] advising the Court that it did not oppose the motion and agreed that it would

1

be appropriate to designate this matter as unusual and complex.

It appears from the record that the parties recognized the Court's statements from the bench on July 17, 2006, as a ruling on the merits of the request and have proceeded accordingly. In fact, the progression of the case over the past two years has only confirmed initial expectations. However, it has come to the Court's attention that a written Order was not entered. Accordingly, the Court herein memorializes the earlier ruling.

The Court found that the extent of discovery materials, the time span of the alleged conspiracy and the broad geographic range of alleged criminal activity made it unreasonable to expect the parties to prepare adequately for pre-trial matters or for trial within the time limits established by the Speedy Trial Act. See 18 U.S.C. § 3161(h)(8)(B)(ii). The Court also finds the case involves unusual legal or factual issues requiring the expenditure of more time, skill and effort by a lawyer than would normally be required in an average case. The Court declares this case to be unusual and complex for purposes of the Speedy Trial Act and the Criminal Justice Act due to the nature of the prosecution and the voluminous discovery involved.

**IT IS SO ORDERED.**

ENTER, *nunc pro tunc July 26, 2006*:

s/ H. Bruce Guyton
United States Magistrate Judge